**LAW OFFICE OF MARIELA J. MARINEZ**
Annette Rodriguez-Soriano, Esq.
32-72 Steinway Street, Ste 502
Astoria, New York 11103
Phone: (718) 505-3400
Fax: (718) 799-5324
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-----------------------------------------------x

**JOSE ARNLADO SOLIS VILLALTA, Individually and on behalf of all others Similarly situated ,**

20-cv-00249 (RRM) (TAM)

**Plaintiff,**

v.

**101-11 86 AVENUE, CORP., D/B/A JC & SONS HOME IMPROVEMENT, and JUAN ARCE**

**Defendants.**

-----------------------------------------x

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO CONDITIONALLY CERTIFY THE COLLECTIVE ACTION AND FOR A COURT- AUTHORIZED NOTICE UNDER SECTION 216(B) OF THE FAIR LABOR STANDARDS ACT, FOR CLASS CERTIFICATION UNDER FED. R. CIV. P. 23**

**TABLE OF CONTENTS**


PRELIMINARY STATEMENT 1

ARGUMENT 2

I. PLAINTIFF COMPLAINT IS INSUFFICIENT 2

II. THE REQUEST TO CONDITIONALLY CERTIFY THE COLLECTION ACTION SHOULD BE DENIED 3

A. Introduction 3

B. The Circumstances of This Case Does Not Warrant The Certification of a Collective Action 3

C. Plaintiff has Failed to Sufficiently Plead the Existence of Similarly Situation Employees 4

III. IN THE EVENT A COLLECTIVE/CLASS ACTION IS CERTIFIED, THE PROPOSED NOTICE SHOULD BE MODIFIED 7

A. Notice of the Collective Action Should Not be Sent to Employees that Worked for Defendant More than Two Years Ago 7

B. The Proposed Notice Should be Modified to be Neutral In Tone 8

CONCLUSION 9

# TABLE OF AUTHORITIES

**Cases**


*Ahmed v. T.J Maxx Corp.*, 2012 WL 5507329 (E.D.N.Y. Nov. 14, 2012) 5

*Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) 1

*Braunstein* v. *Eastern Photographic Laboratories, Inc.*, 600 F.2d 335, 336 (1978) 3

*Colson v. Avnet, Inc.*, 687 F.Supp.2d 914, 927 (D.Ariz.2010) 5

*East Tex. Motor Freight System, Inc.* v. *Rodriguez*, 431 U.S. 395, 403 (1977) 4

*Fasanelli* v. *Heartland Brewery, Inc.*, 516 F.Supp.2d 317, 321 (S.D.N.Y. 2007) 5

*Guillen v. Marshalls of MA, Inc.*, 841 F.Supp.2d 797, 800 (S.D.. Y. 2012) 4, 5

*Haynes v. Singer Co., Inc.*, 696 F.2d 884 (11th Cir. 1983) 6

*Hoffmann-La Roche* v. *Sperling*, 493 U.S. 165, 174 110 S.Ct. 482, 107 L.Ed.2d 480 (1989) 3, 8

*Hoffman v. Sbarro, Inc.*, 982 F.Supp. 249, 261-262 (S.D.N.Y. 1997) 5

*Klegerman v. FG. Apparel, Inc.*, 1986 WL 2531, at *5 (N.D. Ill. Feb.11, 1986) 6

*Lundy v. Catholic Health System of Long Island Inc.*, 2013 WL 765117 (E.D.N.Y. March 1, 2013) 2

*Prizmic v. Armour, Inc.*, 2006 WL 1662614, at *2 (E.D.N.Y. June 12, 2006) 4

*Severtson v. Phillips Beverage Co.*, 137 F.R.D. 264, 266 (D.Minn.1991) 6, 7

*Vasquez v. Vitamin Shoppe Indus. Inc.*, 2011 WL 2693712, at *3 (S.D.N.Y. July 11, 2011) 5

*Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 946 (9th Cir. 2009) 5

*Vreeland v. Ethan Allen, Inc.*, 828 F.Supp. 14 (S.D.N.Y.1993) 6

*Whitehorn v. Wolfgang's Steakhouse, Inc.*, 767 F.Supp.2d 445, 450 (S.D.N.Y. 2011) 8

*Young v. Cooper Cameron Corp.*, 229 F.R.D. 50, 54-55 (S.D.N.Y. 2005) 4, 5

**Statutes**

29 U.S.C. § 206(a) and 207(a) 3

29 U.S.C. § 207(a)(1) 2

29 U.S.C. § 255(a) 7

Fed. R. Civ. P. 23 7

This Memorandum of Law is submitted in opposition (the "Opposition") to Plaintiff's motion (the "Certification Motion") to conditionally certify the collective action and for a court-authorized notice under section 216(b) of the Fair Labor Standards Act ("FLSA"), (the Certification Motion together with the exhibits and other materials submitted therewith will be referred to to herein as the "Certification Motion materials").

**PRELIMINARY STATEMENT**

Through a treatise-like recitation of the legal standards governing class/collective action certification, the Certification Motion hopes to give the impression that what is at issue here is nothing more than a routine exercise in case management. Lacking the factual support warranting the relief requested, the Certification Motion instead focuses on general policy considerations to further give the impression that judicial intervention is required at this stage of the case to certify a class/collective action. Lurking beneath this transparent veneer, however, lays a bare-boned Complaint that should be dismissed for failure to state a claim and a Certification Motion that lacks the requisite factual showing to support the relief requested.

The proposition that a court has a duty to exercise control over a class action cuts both ways. As an initial matter, a complaint must contain sufficient factual matters, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Plaintiff's Complaint fails to state any claim to relief that is plausible on its face and, therefore, the Complaint should be dismissed. Moreover, although preliminary certification of a collective action imposes only a modest factual burden upon Plaintiff, a burden exists nonetheless, and this modest factual burden cannot be satisfied with the type of unsupported allegations contained in the Certification Motion. Accordingly, preliminary certification of a collective action is not

warranted in this case.

Armed with little more than unsupported rhetoric and a discussion of the general certification standards, Plaintiff seeks to shift his burden of proof to Defendant. Though on its face this request appears to be nothing more than a request for an elaborate procedural joinder device, the practical effect of granting such relief is to impose upon Defendant intense pressure to settle a controversy the underpinnings of which are contested by Defendant and have not beenestablished with the requisite particularity by Plaintiff, or, alternatively, incur the immense costs of litigating this case on the merits. Before the Court requires Defendant to accept this gambit, Plaintiff must be required to initially carry his burden - something he has failed to do.

Defendant entreats the Court to hold Plaintiff to its burden of proof on both his Complaint and his request for class/collective action.

**ARGUMENT**

I.

**PLAINTIFF'S COMPLAINT IS INSUFFICIENT**

The Plaintiff's Complaint is insufficient to assert a cause of action under the Fair Labor Standards Act ("FLSA") and/or New York Labor Laws ("NYLL") "a plaintiff must sufficiently plead 40 hours of work **in a given workweek** as well as some uncompensated time in excess of the 40 hours." *Lundy v. Catholic Health System of Long Island Inc.*, 2013 WL 765117 (E.D.N.Y. March 1, 2013) (emphasis added); 29 U.S.C. § 207(a)(l). Simply alleging that Plaintiff worked in excess of 40 hours and was uncompensated for the overtime (the threadbare recitals of a FLSA and NYLL cause of action) is insufficient.

The Complaint is also entirely bereft of any allegation that Defendant was ever engaged in interstate commerce, other than the threadbare recital that "[a]t all relevant times, Defendant has been and continues to be, an employer engaged in interstate commerce and/or the production of goods for


2

commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a)."

The Plaintiff's Complaint does not allege misconduct by 101-11 86 Avenue Corp., other than falsely alleging that it is "doing business as" JC & SONS HOE IMPROVEMENT CORP. 101-11 86 Avenue Corp., does not have any employees nor ever employed Plaintiff. In addition, Plaintiff's notice and Consent to Sue does not include 101-11 86 Avenue Corp. Therefore, should be dismissed from this action.

## II.

## THE REQUEST TO CONDITIONALLY CERTIFY THE COLLECTIVE ACTION SHOULD BE DENIED

### A. Introduction

It is well settled that the district courts' power to authorize the sending of notice to potential class members in a collective action brought pursuant to the FLSA is discretionary. *Hoffmann-La Roche v. Sperling,* 493 U.S. 165, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989); *Braunstein v. Eastern Photographic Laboratories, Inc.,* 600 F.2d 335, 336 (1978) (court-authorized notice in an appropriate case "comport with the broad remedial purpose of the [FLSA], ... as well as with the interest of the courts in avoiding multiplicity of suits"). The question here is therefore not whether this Court has the power to authorize the certification of a class or collective action (it surely does), but whether the "appropriate" circumstances exist for the Court to exercise its discretion in this matter. Defendant submits the answer is a resounding "no".

### B. The Circumstances of This Case Do Not Warrant The Certification of a Collective Action

Plaintiff has failed to allege an FLSA violation or any basis for the exercise of supplemental jurisdiction over Plaintiff's claims. In this regard, a necessary (and logical) prerequisite for acting as a class representative is the existence of viable claims on behalf of


3

the named plaintiff himself, here Plaintiff VILLALTA, *See East Tex. Motor Freight System, Inc. v. Rodriguez,* 431 U.S. 395, 403 (1977) ("a class representative must be part of the class and possess the same interest and suffer the same injury as the class members") (internal citations and quotation marks omitted). As the claims asserted by Plaintiff on his own behalf are not viable and should be dismissed, this Court should not exercise its discretion to certify a collective action in this case.

**C. Plaintiff has Failed to Sufficiently Plead the Existence of Similarly Situated Employees**

In addition, Plaintiff has failed to sufficiently plead the existence of "similarly situated"employees. Once again, Plaintiff seeks relief based upon boilerplate allegations that merely recite the elements of the relief he requests, but does no more.

Collective action approval focuses on "whether the proposed plaintiffs are 'similarly situated' ... with respect to their allegations that the law has been violated," [and] was not intended to suggest that mere "allegations" that the proposed class is similarly situated to plaintiff is sufficient to obtain certification. Rather, the plaintiff must provide "actual evidence of a factual nexus between his situation and [the persons] he claims are similarly situated." *Guillen v. Marshalls of MA, Inc.,* 841 F.Supp.2d 797, 800 (S.D.N.Y. 2012) *(quoting Prizmic v. Armour, Inc.,* 2006 WL 1662614, at *2 (E.D.N.Y. June 12, 2006), and *citing Young v. Cooper Cameron Corp.,* 229 F.R.D. 50, 54 (S.D.N.Y. 2005)) (emphasis added). Denying conditional approval of a collective action, the court in *Guillen* stated:

> Guillen's argument boils down to the proposition that any employee classified as exempt by a company that does business nationwide is entitled to approval of a collective action for all employees of that business-who may number in the thousands and be spread across 50 states-simply based on the employee's testimony that he was required to perform non-exempt tasks. We reject this argument because it ignores the requirement that plaintiff show he is similarly situated *to the employees he proposes to include in the collective action* with respect to his claim that he performed non-exempt duties. Guillen has simply not made the "modest showing ' required by case law that would allow the conclusion that ASMs across the country have been performing the non-


4

> exempt duties. As one recent case in this district held, a "geographically concentrated cluster of [store managers] whom [plaintiff] claims were assigned duties inconsistent with their exempt classification ... is too thin a reed on which to rest a nationwide certification." *Vasquez v. Vitamin Shoppe Indus. Inc.*, 2011 WL 2693712, at *3 (S.D.N.Y. July 11, 2011); *see generally Colson v. Avnet, Inc.*, 687 F.Supp.2d 914, 927 (D.Ariz.2010) (the "mere classification of a group of employees as exempt does not automatically dictate ... whether collective action notification is appropriate") (citing *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 946 (9th Cir. 2009)).

*Guillen v. Marsha/ls of MA, Inc.*, 841 F.Supp.2d, at 800.

Contrary to Plaintiffs assertions, the requisite nexus that must be established by Plaintiff is that the members of the purported collective action were victims of a common policy or plan that violated the law, not merely that the members of the purported collective action shared similar job duties. *Fasanelli v. Heartland Brewery, Inc.*, 516 F.Supp.2d 317, 321 (S.D.N .Y. 2007) (modest factual showing that must be made is nexus between named plaintiffs and putative collective action members of a common policy or plan that violated the law); *Hoffman v. Sbarra, Inc.*, 982 F.Supp. 249, 261-262 (S.D.N.Y. 1997) (factual nexus for collective action certification established through, among other things, defendant's admission that it maintained a policy that violated the FLSA) (citing cases); *see also Young v. Cooper Cameron Corp.*, 229 F.R.D. 50 54- 55 (S.D.N.Y. 2005) (sufficient evidence of "similarly situated" plaintiffs for collective action certification found where defendant admitted having policy of not paying employees for hours worked in excess of 40 hours/week).

Conditional approval of a class is predicated upon a sufficient pleading of similarly situated employees, including supporting affidavits from other employees, a description of the company-wide policy at issue, and **evidence** that the identified group of employees were subject to that policy, not merely the boilerplate recitation contained in the Certification Motion. *Ahmed v. T.J Maxx Corp.*, 2012 WL 5507329 (E.D.N.Y. Nov. 14, 2012) (discussing affidavit requirement); *Hoffmann v. Sbarro, Inc.*, 982 F.Supp. 249, 261-62 (providing an example of sufficient pleading for similarly situated employees which included supporting


5

affidavits from other restaurant managers, a description of the company-wide policy at issue, and **evidence** that the identified group of employees were subject to that policy); *see also Haynes v. Singer Co., Inc.*, 696 F.2d 884 (11th Cir. 1983) (district court did not abuse its discretion in refusing to authorize class notice where plaintiff's counsel offered only unsupported assertions of widespread FLSA violations).

Where, as here, there is a total dearth of factual support for a plaintiff's allegations of widespread wrongdoing, certification of a collective action must be denied. *See, e.g., Severtson v. Phillips Beverage Co.*, 137 F.R.D. 264,266 (D.Minn.1991) (motion for court-authorized notice denied where plaintiffs unsupported allegations, standing alone, provided "an insufficient basis for determining whether sending court-authorized notice is appropriate"); *Vreeland v. Ethan Allen, Inc.*, 828 F.Supp. 14 (S.D.N.Y. 1993) (court refused to authorize class notice in ADEA case where named plaintiffs presented no evidence of a single plan of discrimination); *Klegerman v. F.G. Apparel. Inc.*, 1986 WL 2531, at *5 (N.D. Ill. Feb. 11, 1986) (court denied motion of class notice where plaintiff failed to identify any other "similarly situated" employees and presented no evidence of widespread discriminatory plan).

In effect, Plaintiff is asking this Court to assist in his efforts to locate potential plaintiffs and thereby expand the scope of this litigation. As noted by the *Severtson* court, however:

> As a matter of sound case management, a court should, before offering such assistance, make a preliminary inquiry as to whether a manageable class exists. Moreover, the sending of notice and consent forms to potential plaintiffs implicates concerns in addition to orderly case management. The courts, as well as practicing attorneys, have a responsibility to avoid the "stirring up" of litigation through unwarranted solicitation. This is not to suggest that plaintiffs' counsel's request for notice in this case is in any way improper... Nevertheless, this court feels a responsibility to assure that there is some factual basis for plaintiffs' claims of class-wide discrimination before judicial approval of the sending of notice is granted. A factual showing is particularly appropriate in this case given that


6

> defendants have challenged the allegations of the complaint by submitting affidavits and deposition testimony tending to show that no widespread practiceof discrimination exists at the defendant companies.

*Severtson v. Phillips Beverage Co.,* 137 F.R.D. at 266. The same balanced approach should be applied here, and Plaintiffs Certification Motion denied for lack of any evidence of class-wide violations of the FLSA. Here, except at the grossest level of generality, there has been a bare showing of the existence of similarly situated plaintiffs.

**III.**

**IN THE EVENT A COLLECTIVE/CLASS ACTION IS CERTIFIED, THE PROPOSED NOTICE SHOULD BE MODIFIED**

**A. Notice of the Collective Action Should Not be Sent to Employees That Worked for Defendant More than Two Years Ago**

As discussed herein, Defendant opposes collective action certification on the grounds that Plaintiff has failed to demonstrate the elements of Rule 23 to make even the modest showing of similarly situated plaintiffs to certify a collective action. In the event the Court determines that Plaintiff met the standard for certification of a collective action and further decides to exercise supplemental jurisdiction over the collective. Defendant requests that the recipients of the collective action notice be limited to those employees that worked for Defendant in the two years prior to the date the notice is so delivered.

The statute of limitations applicable to a claim under the FLSA is two years after the cause of action accrued, and every such action is forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued. 29 U.S.C. § 255(a).

To the extent the Court certifies the collective action, the proposed notice must also be modified to: (i) clarifying that the applicable cut-off date for participation in the collective action in employment on or after the date that is two years from the date the proposed notice


7

is sent to putative members; (ii) modify the bold lettering and all descriptions of the class action and how to become a member of or opt out of the class action; (iii) adding information Defendant's counsel contact information to notice; and (iv) modifying the caption to include all named parties or amend complaint to remove 101-11 86 Avenue Corp.

**B. The Proposed Notice Should be Modified to be Neutral in Tone**

Defendant submits that before being sent to any putative class or collective action members, the proposed notice should be modified as follows:

- The identity of JOSE ARNALDO SOLIS VILLALTA and his role as class/collective action representative should be disclosed at the front of the proposed notice;

- Putative class/collective action members should be made aware of the fact that Plaintiff named a Defendant 101-11 86 Avenue Corp., that did not employ any employees or have anything to do with JC * SONS HOME IMPROVEMENT CORP.,

- In the third paragraph of page 1 of the proposed notice, the second sentence should berevised to read: "There has been no finding of liability by the Court and, therefore, there is no money available now. There is no guarantee that 101-11 86 Avenue Corp., d/b/a JC & SONS HOME IMPROVEMENT CORP and JUAN ARCE, an individual will be found liable for any of the claims asserted in the collective action no guarantee that you will receive any distribution in the class action or collective action."

- Disclosure of Plaintiffs counsel's fees should detailed on page 5 of the proposed notice and Consent to Sue. Rather, this section should be prominently disclosed on the first page of the proposed notice.

- Disclosure of Plaintiffs counsel's fees should be clear that the fees and expenses of Plaintiffs counsel will be deducted from the gross settlement/judgment amount, if any, and reduce the amount available to members of the collective action;

- The paragraph TO: on page 1 of the proposed notice should be modified to read: "If you would like to become a member of the FLSA collective action and believe that you have not been paid in full for your overtime wages, ..... "

- The proposed notice should be modified to include: "Will I need to be actively involved in this action?", and the text of that Section should be modified to include references to the facts that putative class and collective action members may be required to participate in discovery, including to appear for depositions



8

and respond to written discovery. *See Whitehorn v. Wolfgang's Steakhouse, Inc.*, 767 F.Supp.2d 445,450 (S.D.N.Y. 2011).

- To avoid even the appearance of judicial endorsement of the merits of the action, the following should be deleted from page 1 of the proposed notice: "This is a court-authorized notice. This is not a solicitation from a lawyer." *See Hoffman-La Roche Inc. v. Sperling,* 493 U.S. 165, 174 (1989).

## CONCLUSION

For the foregoing reasons Defendant requests entry of an order (i) denying the relief requested in the Certification Motion; and (ii) granting Defendant such other and further relief as the Court deems just and proper.

Dated: Astoria, New York
November 5, 2021

LAW OFFICE OF MARIELA J MARINEZ

By: Annette Rodriguez-Soriano, Esq.
32-72 Steinway Street, Suite 502
Astoria, New York 11103
Phone:(718)505-3400
Fax: (718) 799-5324
*Attorneys for Defendants*